John Shaeffer (State Bar No. 138331)
jshaeffer@lathropgage.com
Jeffrey Grant (State Bar No. 218974)
jgrant@lathropgage.com
LATHROP & GAGE LLP
1888 Century Park East, Suite 1000
Los Angeles, CA 90067
Telephone: (310) 789-4600
Fax: (310) 789-4601

Petty Tsay Rader (State Bar No. 227563)
petty.rader@munchkin.com
MUNCHKIN, INC.
7835 Gloria Avenue
Van Nuys, CA 91406
Telephone: (818) 893-5000
Fax: (818) 893-6343

Attorneys for Plaintiff
MUNCHKIN, INC.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUNCHKIN, INC., a Delaware corporation,<br><br>   Plaintiff,<br><br>  v.<br><br><br>SKIP HOP, INC., a New York corporation.<br><br>   Defendants. | Case No.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff Munchkin, Inc. ("Plaintiff" or "Munchkin") hereby alleges against defendant Skip Hop, Inc. ("Defendant" or "Skip Hop") as follows:

## INTRODUCTION

1.     This is an action for patent infringement under the Patent Act, 35 U.S.C. §§ 271, *et. seq.*, in that Defendants have infringed United States Patent Numbers 6,857,753 and 6,913,364 ("the '753 Patent" and "the '364 Patent" respectively) by making, using, selling, offering to sell, and/or importing panel attachment systems, and/or by indirectly infringing the '753 Patent and the '364 Patent.

## SUBJECT MATTER JURISDICTION

2.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), because this action arises under the Patent Act set forth at Title 35 of the U.S. Code.

3.     Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the events giving rise to this claim occurred in this District and because the Defendants are subject to personal jurisdiction in this district.  Venue is further proper in this District under 28 U.S.C. § 1400(b) because the Defendants committed acts of infringement in this District.

4.     This Court has personal jurisdiction over the Defendants in this action on the grounds that, upon information and belief: (a) the Defendants have committed acts of patent infringement in the State of California; and (b) the Defendants do business in the State of California directly and through authorized distributors and dealers.

5.     Jurisdiction is proper in this court because this litigation arises under federal law, namely the Patent Act at 35 U.S.C. § 1, *et seq*.  Thus**,** the Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question).

**1**
**COMPLAINT**

**PARTIES**

6.     Munchkin is a Delaware corporation with its principal place of business in Los Angeles, California, which is within the Central District of California.  Munchkin is, and was at all times herein mentioned, qualified to do business in California.

7.     Munchkin is informed and believes, and on that basis alleges, that Defendant Skip Hop is a corporation organized under the laws of the State of New York and with its principle place of business in New York.

**BACKGROUND**

8.     Munchkin, Inc. was founded in 1991, and is a market-leading designer, developer, manufacturer and distributor of baby care products. Munchkin's success is attributable to the company's keen ability to transform ordinary products into extraordinary ones using a unique combination of design, innovation, and concern for safety.

9.     Munchkin's critical success has led to its position as a leading company in the baby care products industry.  Munchkin has won over 30 industry awards, including the coveted Target® Corporation Partner Award of Excellence, and has been granted over 100 Patents.

10.     Munchkin believes that its brand image is very important, because consumers want a single trustworthy source for all of their baby care needs.  As a result, Munchkin has reinvigorated the category with improvements like a 2-in-1 design on bottle brushes, as well as pioneered numerous breakthroughs like the White Hot Technology® that lets moms know if the bath water or the car is too hot.

11.     On February 22, 2005, the '753 Patent was issued to Munchkin for a panel attachment system directed at a viewing panel device comprising "a viewing panel having a front viewing surface and rear surface; a support structure

connected to said viewing panel generally on said rear surface thereof . . . and a tether strap extending from said support structure and terminating in a fastener that attaches to the top tether anchorage point." A true and correct copy of the '753 Patent is attached as **Exhibit A**.

12.   The Defendants have infringed on the '753 Patent by making, using, selling, offering to sell, and/or importing panel attachment systems that infringe on at least one independent claim of the '753 Patent.

13.   On July 5, 2005, the '364 Patent was issued to Munchkin for a panel attachment system directed at a viewing panel device comprising "a viewing panel having a front viewing surface and rear surface; and a support structure attached to the rear surface of said viewing panel, said support structure including a bottom panel . . . and a diagonal support element . . ." A true and correct copy of the '364 Patent is attached as **Exhibit B**.

14.   The Defendants have infringed on the '364 Patent by making, using, selling, offering to sell, and/or importing panel attachment systems that infringe on at least one independent claim of the '364 Patent.

### FIRST CLAIM FOR RELIEF

15.   Munchkin re-alleges and incorporates herein by reference all preceding paragraphs as though fully set forth herein.

16.   The '753 Patent correctly names Michael T. Kane as the sole inventor, and correctly names Blue Ridge International Products Company as the Assignee. Blue Ridge International Products Company is a wholly owned subsidiary of Munchkin, Inc.

17.   All United States patents are presumed to be valid.

18.   Skip Hop is infringing at least one claim of the '753 Patent in violation of 35 U.S.C. § 271(a) by making, using, selling, offering to sell, and/or importing its infringing viewing display devices in the United States. Examples of

Skip Hop's infringing products include, but are not limited to, "Zoo Auto Mirror." A true and correct copy of a picture of the "Zoo Auto Mirror" is attached as **Exhibit C**.

19.     Skip Hop has had actual notice of Munchkin's patent rights since at least February 22, 2005 and Skip Hop's infringement of the '753 Patent has been and continues to be willful and deliberate.

20.     Skip Hop's infringement of the '753 Patent has caused great damage to Plaintiff.  The amount of these damages is not yet known, but Plaintiff has lost profits and royalties as a direct result of the infringement and is entitled to damages adequate to compensate it for the infringement in an amount that is in no event less than a reasonable royalty under 35 U.S.C. § 284.  Plaintiff may also be entitled to recover prejudgment interest, costs, and treble damages under 35 U.S.C. § 284.  Further, this is an exceptional case under 35 U.S.C. § 285 and Plaintiff should be awarded its attorneys' fees.

21.     As a result of Skip Hop's infringement of the '753 Patent, Plaintiff has suffered and continues to suffer irreparable harm and impairment of the value of its patent rights, and is suffering the violation of its patent rights, all of which will continue unless Skip Hop is permanently enjoined by this Court from infringing the '753 Patent under 35 U.S.C. § 283.  Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

22.     Munchkin re-alleges and incorporates herein by reference all preceding paragraphs as though fully set forth herein.

23.     The '364 Patent correctly names Michael T. Kane as the sole inventors, and correctly names Blue Ridge International Products Company as the Assignee.  Blue Ridge International Products Company is a wholly owned subsidiary of Munchkin, Inc.

24.     All United States patents are presumed to be valid.

25.     Skip Hop is infringing at least one claim of the '364 Patent in violation of 35 U.S.C. § 271(a) by making, using, selling, offering to sell, and/or importing its infringing viewing panel devices in the United States.  Examples of Skip Hop's infringing products include, but are not limited to, "Zoo Auto Mirror." A true and correct copy of a picture of the "Zoo Auto Mirror" is attached as **Exhibit C**.

26.     Skip Hop has had actual notice of Munchkin's patent rights since at least July 5, 2005 and Skip Hop's infringement of the '364 Patent has been and continues to be willful and deliberate.

27.     Skip Hop's infringement of the '364 Patent has caused great damage to Plaintiff.  The amount of these damages is not yet known, but Plaintiff has lost profits and royalties as a direct result of the infringement and is entitled to damages adequate to compensate it for the infringement in an amount that is in no event less than a reasonable royalty under 35 U.S.C. § 284.  Plaintiff may also be entitled to recover prejudgment interest, costs, and treble damages under 35 U.S.C. § 284.  Further, this is an exceptional case under 35 U.S.C. § 285 and Plaintiff should be awarded its attorneys' fees.

28.     As a result of Skip Hop's infringement of the '364 Patent, Plaintiff has suffered and continues to suffer irreparable harm and impairment of the value of its patent rights, and is suffering the violation of its patent rights, all of which will continue unless Skip Hop is permanently enjoined by this Court from infringing the '364 Patent under 35 U.S.C. § 283.  Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

Wherefore, Plaintiff requests that this Court enter the following orders and judgments:

a.     Finding that the Defendants infringe the '753 Patent;

b.     Permanent injunctions against the Defendants and their parents, subsidiaries, divisions, agents, dealers, officers, employees, successors, and assigns, and all others acting in concert or participation with Defendants, from:

    i.     making, using, selling, offering to sell, or importing the invention claimed in the '753 Patent; and

    ii.     inducing infringement of the '753 Patent;

c.     Finding the patent infringement to be willful;

d.     Finding that the Defendants infringe the '364 Patent;

e.     Permanent injunctions against the Defendants and their parents, subsidiaries, divisions, agents, dealers, officers, employees, successors, and assigns, and all others acting in concert or participation with Defendants, from:

    i.     making, using, selling, offering to sell, or importing the invention claimed in the '364 Patent; and

    ii.     inducing infringement of the '364 Patent;

f.     Finding the patent infringement to be willful;

g.     Awarding Plaintiff such damages, attorneys' fees, costs, prejudgment interest, and enhanced damages for patent infringement as may be shown by the evidence;

//
//
//
//
//
//
//

**6**
**COMPLAINT**

1        h.     Finding this to be an exceptional case and awarding Plaintiff its

2   reasonable attorneys' fees under 35 U.S.C. § 285; and

3        i.     Awarding Plaintiff such other and further relief as the Court may

4   deem just and proper.

5

6   DATED:  August 29, 2014

7

8                              By:  /s/ John Shaeffer

9                                   John Shaeffer

10                                  Jeffrey Grant

                                Petty Tsay Rader

11                                  Attorneys for Plaintiff

                                MUNCHKIN, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands jury trial of all issues that may be tried to a jury.

DATED:  August 29, 2014

By:  /s/ John Shaeffer
     John Shaeffer
     Jeffrey Grant
     Petty Tsay Rader
     Attorneys for Plaintiff
     MUNCHKIN, INC.